UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

GINO EBANKS,                                                    **AMENDED**
                                                                **COMPLAINT**
                                    Plaintiff,
                                                                13 CV 3508
            -against-                                           (ARR) (MDG)

                                                                <u>Jury Trial Demanded</u>

CITY OF NEW YORK, MICHAEL BROOKS, Individually,
JOHN CIRELLI, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                    Defendants.

------------------------------------------------------------------------------X

        Plaintiff GINO EBANKS, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

### <u>Preliminary Statement</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.

### <u>JURISDICTION</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### <u>VENUE</u>

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff GINO EBANKS is a thirty-two year old African American man residing in Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, MICHAEL BROOKS, JOHN CIRELLI, and JOHN and JANE DOE 1 through 10 were duly sworn officers of said department and were acting under the supervision of said department and according the their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.    On February 4, 2012, at approximately 3:00 a.m., plaintiff GINO EBANKS was lawfully present in the vicinity of 218 Low Terrace, Staten Island, New York, when defendant NYPD officers, including MICHAEL BROOKS and JOHN CIRELLI, arrived at the location.

13.    A defendant officer, believed to be defendant BROOKS, in the presence of defendant CIRELLI, told plaintiff to leave the area.

14.    Plaintiff explained that his car was blocked in by the officers' cars.

15.    The defendant officer, believed to be defendant BROOKS, told him that he still needed to leave.

16.    Plaintiff complied and walked around the corner.

17.    Plaintiff waited approximately twenty minutes, and after observing the police officers driving away, he went around the corner to retrieve his vehicle.

18.    Plaintiff was standing by his drivers' side door, about to get into his vehicle, when defendant BROOKS and CIRELLI returned to the location.

19.    Upon their return, a defendant officer, believed to be defendant BROOKS, stated, in sum and substance, now you're under arrest and placed handcuffs on plaintiff's wrists.

20.    Defendant BROOKS and CIRELLI transported plaintiff to an NYPD precinct and imprisoned him therein until February 5, 2012, when plaintiff was transported to Richmond County Criminal Court and thereafter arraigned on false charges of obstructing governmental administration and resisting arrest.

21.    The false charges were filed against claimant under Docket No. 2012RI001156

3

based on the false and manufactured statements of defendant BROOKS, which were used against plaintiff in legal proceedings.

22. The defendants initiated said prosecution with malice and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to punish plaintiff for conduct which was not unlawful.

23. As a result of defendant BROOKS' false and manufactured statements, plaintiff was compelled to return to court on three occasions, until July 31, 2012, when all the false charges lodged against him were adjourned in contemplation of dismissal and subsequently dismissed and sealed in Richmond County Criminal Court.

24. Defendants CIRELLI and JOHN and JANE DOE 1 through 10 either directly participated or failed to intervene in the illegal conduct described herein, despite a meaningful opportunity to do so.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff on account of his race, and due to a *de facto* policy of engaging in falsification.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for arrests and issuing process, and that they engage in widespread falsification.

27. Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28.      Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29.      As a result of the foregoing, plaintiff GINO EBANKS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

30.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31.      All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.      All of the aforementioned acts deprived plaintiff GINO EBANKS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

33.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

5

attendant thereto, and with the intent to discriminate on the basis of race.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.     As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants arrested plaintiff GINO EBANKS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39.     Defendants caused plaintiff GINO EBANKS to be falsely arrested and unlawfully imprisoned.

40.     As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants maliciously issued criminal process against plaintiff GINO EBANKS, causing him to appear in Richmond County Criminal Court.

43.     Defendants caused plaintiff GINO EBANKS to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

44.     As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants created false evidence against plaintiff GINO EBANKS.

47.     Defendants utilized this false evidence against plaintiff GINO EBANKS in legal proceedings.

48.     As a result of defendants' creation and use of false evidence, plaintiff GINO

EBANKS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

49.     As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants had an affirmative duty to intervene on behalf of plaintiff GINO EBANKS, whose constitutional rights were being violated in their presence by other officers.

52.     The defendants failed to intervene to prevent the unlawful conduct described herein.

53.     As a result of the foregoing, plaintiff GINO EBANKS was falsely arrested and maliciously issued criminal process, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

54.     As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

57.     As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The defendants seized plaintiff GINO EBANKS, and, detained, arrested, and searched plaintiff because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

60.     As a result of the foregoing, plaintiff GINO EBANKS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

61.     As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a custom or practice of falsification, of failure to intervene, and of detaining and arresting individuals based on their race, or to otherwise respond to departmental quotas.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff GINO EBANKS' rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff GINO EBANKS.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff GINO EBANKS as alleged herein.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff GINO EBANKS as alleged herein.

68.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff GINO EBANKS was falsely arrested and maliciously issued criminal process.

69.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GINO EBANKS' constitutional rights.

70.    All of the foregoing acts by defendants deprived plaintiff GINO EBANKS of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from malicious abuse of process;

      D.    To be free from infringement of the right to a fair trial;

      E.    To receive equal protection under law; and

      F.    To be free from the failure to intervene.

71.    As a result of the foregoing, plaintiff GINO EBANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff GINO EBANKS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 8, 2014

                                   LEVENTHAL & KLEIN, LLP
                                   Attorneys for Plaintiff GINO EBANKS
                                   45 Main Street, Suite 230
                                   Brooklyn, New York 11201
                                   (718) 722-4100

                                   By:    _____
                                          BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

GINO EBANKS,

                                Plaintiff,

                 -against-

CITY OF NEW YORK, MICHAEL BROOKS, Individually,
JOHN CIRELLI, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                Defendants.

-------------------------------------------------------------------------------X

13 CV 3508
(ARR) (MDG)


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100